# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DANIEL PELLECHIO and JOANNE PELLECHIO,**

                    **Plaintiffs,**

**v.**                                                    Case No:   **6:15-cv-1056-Orl-41GJK**

**DAVID GROSE, CHRISTOPHER CRAWFORD, GORDON TODD HEWATT and GENE SWANSON,**

                    **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION OF DEFENDANT, GORDON TODD HEWATT, FOR SANCTIONS FOR FAILURE OF PARTY TO COMPLY WITH ORDER COMPELLING RESPONSE TO DEFENDANT'S SECOND SUPPLEMENTAL REQUEST FOR PRODUCTION (Doc. No. 98)** |
| **FILED:** | **August 18, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART** as set forth below.

## I.    BACKGROUND.

On May 28th, 2015, Plaintiffs Daniel Pellechio and Joanne Pellechio filed an amended complaint (the "Complaint") against the City of Rockledge, David Grose, Christopher Crawford, Gordon Todd Hewatt, Gene Swanson, Craig Carson, and Wane Ivey, as the Sheriff of Brevard County, Florida (collectively, the "Defendants"), in Florida's Eighteenth Judicial Circuit in and

for Brevard County, Florida.   Doc. No. 2.   Plaintiffs raise the following claims: common law individual capacity false arrest; common law individual capacity excessive force; loss of consortium; respondeat superior; and violations of Plaintiffs' Fourth Amendment rights under 42 U.S.C. § 1983.   Doc. No. 2 at 1-11.   On June 29, 2015, Defendants removed this action to the District Court.   Doc. No. 1.

On November 17, 2015, pursuant to Plaintiffs' notice of voluntary dismissal with prejudice, the Court entered an order directing the Clerk to terminate Craig Carson, the Sheriff of Brevard County, and the City of Rockledge as parties to this action.   Doc. No. 64.   Therefore, the remaining defendants are David Grose, Christopher Crawford, and Gordon Todd Hewatt (hereinafter collectively, the "Officers"), who are all police officers employed by the City of Rockledge, Florida.   *Id.*; Doc. No. 2 at 2.

On or about August 6, 2015, discovery opened in this matter, and the Court established a discovery deadline of August 12, 2016.   Doc. Nos. 46-47.   Beginning in March of 2016, the Officers began experiencing difficulty obtaining discovery from the Plaintiffs, which necessitated the filing of motions to compel.   *See generally* Doc. Nos. 65-66.   On March 16, 2016, Officers Hewatt and Grose, respectively, filed motions to compel.   *Id.*   They maintained that Plaintiffs failed to serve timely responses to their written discovery requests.   Doc. Nos. 65 at 2; 66 at 2. Plaintiffs failed to file any response to the motions to compel and, on March 29, 2016, the Court entered an order granting the motions as unopposed and directing Plaintiffs to produce all documents and tangible things responsive to the written discovery requests.   Doc. No. 69.

On August 1, 2016, Officer Hewatt filed another motion to compel.   Doc. No. 87.   Once again and despite being afforded an extension of time by opposing counsel, Plaintiffs failed to serve timely responses to Officer Hewatt's written discovery requests.   Doc. No. 87 at 4.   Officer

Hewatt sought an order compelling production of responsive documents and an award of reasonable expenses incurred by his counsel in bringing the motion to compel.   Doc. No. 87 at 10.   On August 3, 2016, because discovery would close prior to the deadline for Plaintiffs to file their response to the motion, the Court entered an order finding good cause to shorten the deadline for Plaintiffs to respond.   Doc. No. 88.   The Court directed Plaintiffs to file a response to the motion on or before August 9, 2016.   Doc. No. 88 at 3.   The Court expressly warned Plaintiffs "[f]ailure to file a response in the time provided will result in the Motion being granted as unopposed."   Doc. No. 88 at 3.

Plaintiffs failed to file a response to the motion to compel and, on August 10, 2016, the Court granted Officer Hewatt's motion as unopposed (the "Order").   Doc. No. 95.   In the Order, the Court directed Plaintiffs to produce all documents in their possession, custody or control, on or before August 17, 2016, responsive to Officer Hewatt's written discovery requests at issue. Doc. No. 95 at 3.   The Court warned Plaintiffs their "[f]ailure to timely comply with this [O]rder will result in the imposition of sanctions, including, but not limited to, dismissal of Plaintiffs' claims."   Doc. No. 95 at 3.[1]

On August 18, 2016, Officer Hewatt filed a Motion for Sanctions for Failure of Party to Comply with Order (the "Motion"), alleging that Plaintiffs failed to comply with the Order.   Doc. No. 98 at 6.   Officer Hewatt asserts that on August 17, 2016, Plaintiffs produced only one (1) document in response to the Order and further represented that they are not in possession, custody, or control of any other documents response to the written discovery requests at issue.   Doc. Nos. 98 at 6; 98-1 at 1-5.   In the Motion, Officer Hewatt challenges the veracity of Plaintiffs' factual

---

[1] On August 18, 2016, Officer Hewatt filed a motion to quantify the amount of reasonable expenses incurred in bringing his August 1, 2016, motion to compel.   Doc. No. 97.   Plaintiffs failed to file a timely response.   Thus, on September 7, 2016, the undersigned entered an order granting the motion as unopposed and awarding Officer Hewatt $1,468.50 in reasonable expenses.   Doc. No. 99.

representations.   Doc. No. 98 at 6-8, 12-14.   For example, based upon their representations, Plaintiffs assert that they are not in possession, custody, or legal control of their own federal income tax returns for the years 2005 through 2015.   Doc. Nos. 87-3 at ¶ 18; 98 at 8.   Moreover, although Plaintiffs are the active managing partners and/or directors of Peldan, LLC and Dipel Investments, Inc., Plaintiffs represent that they are not in possession, custody, or legal control of those entities' respective operating agreement, bylaws, official minutes, articles of incorporation or federal income tax returns.   Doc. Nos. 87-3 at 2-3; 87-5; 87-6; 98-1 at 1-2.   Officer Hewatt is incredulous that the sole managing partners and/or directors of those entities would not have possession, custody or legal control of such documents.   Doc. No. 98 at 8.   Thus, Officer Hewatt asserts that Plaintiffs have willfully failed to comply with the Court's Order.   *Id*. at 9-15.   Based upon Plaintiffs' alleged willful failure to comply with the Order, pursuant to Rule 37(b)(2), Federal Rules of Civil Procedure, Officer Hewatt requests an order dismissing the action with prejudice and an award of reasonable expenses incurred in bringing the Motion, jointly and severally, against Plaintiffs and their counsel.   Doc. No. 98 at 17.   In the alternative, Officer Hewatt requests an order striking and excluding the Plaintiffs' claim for economic damages, and finding Plaintiffs in contempt of the Order.   *Id*. at 17-18.   Pursuant to Local Rule 3.01(g), Officer Hewatt's counsel represents that he conferred with Plaintiffs' counsel by telephone on August 18, 2016, but Plaintiffs object to the relief requested in the Motion.    Doc. No. 98 at 18.

Plaintiffs failed to file a timely response to the Motion.   On September 7, 2016, Court entered an order to show cause why the Motion should not be granted as unopposed (the "Show Cause Order").   Doc. No. 100 at 2.   The Show Cause Order also directed Plaintiffs' counsel to show cause why he should not be jointly and severally liable for any and all awards of reasonable expenses in this case.   Doc. No. 100 at 2.   The Show Cause Order directed Plaintiffs and

Plaintiffs' counsel to file their written responses on or before 5:00 P.M. on Tuesday, September 13, 2016.   Doc. No. 100 at 2.   Finally, the Court warned that "[f]ailure to timely comply with this order may result in the imposition of sanctions, including by not limited to the dismissal of this action as to [Officer] Hewatt."   Doc. No. 100 at 2.   To date, neither Plaintiffs nor their counsel have filed a response to the Show Cause Order.   *Id*.   Thus, the Motion seeking dismissal of this action with prejudice as to Officer Hewatt is unopposed.

## II.   <u>ANALYSIS</u>.

Pursuant to Rule 37(b)(2), Federal Rules of Civil Procedure, Officer Hewatt requests an order sanctioning Plaintiffs for their failure to comply with Order by dismissing the action with prejudice.   Doc. No. 98 at 17-18.   If a party fails to comply with a discovery order, the following sanctions are available:

(i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)   striking pleadings in whole or in part;

(iv)   staying further proceedings until the order is obeyed;

(v)   dismissing the action or proceeding in whole or in part;

(vi)   rendering a default judgment against the disobedient party; or

(vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).   "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process."   *Gratton v. Great Amn. Commc'ns*, 178 F.3d 1373, 1374-75 (11th Cir. 1999).   However, dismissal with prejudice is the harshest sanction and should only be used as a last resort where other lesser sanctions are inadequate. *Malautea v. Suzuki Motor Co*., 987 F.2d 1536, 1542 (11th Cir. 1993); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).   Moreover, Courts are reluctant to impose dismissal with prejudice where culpability lies with counsel rather than the party.   *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1338 (11th Cir. 2005); *Gratton*, 178 F.3d at 1375 ("We have held that a court should be reluctant to impose the harsh sanction of dismissal with prejudice where the plaintiff is not actually culpable. . . .").

A dismissal with prejudice may be appropriate where there is a "clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Betty K Agencies, Ltd*., 432 F.3d at 1339.   In this case, Plaintiffs and their counsel have demonstrated a clear record of delay by continuously failing to respond to written discovery, motions, and orders of this Court. *See supra* pp. 1-5.   As to Officer Hewatt, Plaintiffs have failed to respond to discovery, motions, and orders of this Court since March of 2016.   *Id*.   Thus, Plaintiffs have essentially abandoned this case with respect to Officer Hewatt.   In addition, Plaintiffs and their counsel have willfully failed to comply with multiple orders of this Court.   The Plaintiffs failed to comply with the Court's August 3, 2016 order by not filing a response to Officer Hewatt's motion to compel.   Doc. No. 88 at 3 ("Plaintiffs shall file a response to the [Officer Hewatt's motion to compel]" on or before Tuesday, August 9, 2016.).   Likewise, by not filing a response to the Motion (Doc. No. 98), Plaintiffs have essentially conceded that they failed to produce all responsive documents in their possession, custody or control by August 17, 2016, as required in the Order (Doc. No. 95).

*See* Fed. R. Civ. P. 37(b)(2)(A)(i).   Plaintiffs and their counsel also failed to comply with the Show Cause Order (Doc. No. 100), which directed both of them to file a response no later than 5:00 P.M. on September 13, 2016.   Plaintiffs and their counsel have been repeatedly warned that their failure to comply with the orders of this Court may result in dismissal of this action.   Doc. Nos. 95 at 3; 100 at 2.   Accordingly, the undersigned recommends that the Court find Plaintiffs and Plaintiff's counsel have demonstrated a clear record of delay and they have willfully ignored three orders of the Court (Doc. Nos. 88, 95, 100).

The undersigned also finds that no lesser sanctions are appropriate in this case.   Plaintiffs and their counsel's actions demonstrate a willful disregard for their discovery obligations and this Court's orders.   As set forth above, it is fair to say the Plaintiffs have abandoned this case with respect to Officer Hewatt by failing to respond to written discovery, motions, and orders of this Court.   *See supra* p. 6.   While Officer Hewatt suggests that perhaps those failures are the result of counsel based upon the history of his practice before this Court, there is nothing in the record demonstrating that Plaintiffs and their counsel are not equally culpable for the misconduct at issue. Doc. No. 98 at 16-17 (citing prior instances where Plaintiffs' counsel failed to comply with Court imposed deadlines and orders).[2]   For all of these reasons, nothing in the record suggests that lesser sanctions, such as striking Plaintiffs' claims for economic damages, would successfully bring Plaintiffs and their counsel into compliance with the Court's orders.   Thus, the only appropriate action is to dismiss the case with prejudice as to Officer Hewatt.   Moreover, by failing to timely respond to the Motion and the Show Cause Order, Plaintiffs are not opposed to Officer Hewatt's request for dismissal with prejudice or to holding Plaintiffs' counsel jointly and severally liable

---

[2] While the Court agrees that Plaintiffs' counsel appears to be amassing a troubling pattern of indifference to discovery obligations, deadlines, and orders of the Court, the undersigned has analyzed the issue of sanctions solely on the basis of Plaintiffs and counsel's actions in this particular case.   *See* Doc. No. 98 at 16 (citing cases where counsel has demonstrated indifference to discovery obligations, motions, and orders of the Court).

for an award of reasonable expenses incurred in bringing the Motion.  *See* Doc. No. 47 at 5 ("Where no memorandum in opposition has been filed, the Court routinely grants the motion unopposed.").  Accordingly, it is recommended that the Court award Officer Hewatt reasonable expenses incurred in bringing the Motion, jointly and severally, against Plaintiffs and their counsel, and enter an order dismissing the case with prejudice as to Officer Hewatt.[3]

## III.   CONCLUSION.

Based on the foregoing, it is hereby **RECOMMENDED** that:

1.  The Motion (Doc. No. 98) be **GRANTED in part** as follows:

    a.  Awarding Officer Hewatt reasonable expenses incurred in bringing the Motion, jointly and severally, against Plaintiffs and Plaintiffs' counsel;[4] and

    b.  Dismissing this action with prejudice as to Officer Hewatt; and

2.  The Motion be otherwise **DENIED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

---

[3] Plaintiffs have not violated any orders with respect to the remaining defendants and Officer Hewatt has not specifically requested or provided any legal authority supporting the imposition of sanctions with respect to the other defendants.

[4] After complying with Local Rule 3.01(g), and if necessary, Officer Hewatt may promptly file a motion to quantify his reasonable expenses incurred in bringing the Motion.

Recommended in Orlando, Florida on September 15, 2016.


GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy