UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DANIEL PELLECHIO and JOANNE PELLECHIO,**

      **Plaintiffs,**

v.　　　　　　　　　　　　　　　　　　　　　　Case No:  6:15-cv-1056-Orl-41GJK

**DAVID GROSE, CHRISTOPHER CRAWFORD, GORDON TODD HEWATT and GENE SWANSON,**

      **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant Hewatt's Motion for Sanctions (Doc. 98). United States Magistrate Judge Gregory J. Kelly submitted a Report and Recommendation ("R&R," Doc. 101), in which he recommends that the motion be granted in part, that all claims against Defendant Hewatt be dismissed with prejudice, and that the Court award Defendant Hewatt his reasonable expenses incurred in bringing the motion, jointly and severally, against Plaintiffs and their counsel. Plaintiffs filed an Objection (Doc. 105), to which Defendant Hewatt filed a Response (Doc. 106).

On February 7, 2017, this Court entered an Order (Doc. 123) granting summary judgment in favor of Defendants on all of Plaintiffs' claims. Therefore, to the extent that the R&R recommends dismissal as a sanction, the R&R is moot. However, after a *de novo* review of the record, the Court agrees with the analysis in the R&R as to an award of expenses. Plaintiffs' objection makes only conclusory arguments that Defendant Hewatt did not pursue the motions to compel and Motion for Sanctions in good faith. (Doc. 105 at 3). This conclusion appears to rest

solely on the fact that Defendant Hewatt failed to consent to a dismissal of Plaintiffs' economic damages claims in lieu of the discovery that Plaintiffs were ordered by this Court to produce. Plaintiffs fail to cite any authority for the proposition that Defendant Hewatt was required to accept such a proposal. Furthermore, to the extent Plaintiffs attempt to argue that the Orders requiring production were erroneous, they have waived such an objection by failing to timely respond to Defendant Hewatt's motions to compel or the Court's orders.

Finally, Plaintiffs' counsel cannot continue to fail to meet numerous deadlines, fail to respond to motions, and fail to comply with Court orders and then offer belated excuses for his conduct. Such behavior has become a pattern for Plaintiffs' counsel in this case and has resulted in the unnecessary accrual of fees to opposing parties and waste of judicial resources. Plaintiffs' counsel is equally culpable for Defendant Hewatt's expenses, and therefore, he will be held jointly liable.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 101) is **ADOPTED in part** and made a part of this Order to the extent consistent with that stated herein. In all other respects, it is moot.

2. Defendant Hewatt's Motion for Sanctions (Doc. 98) is **GRANTED in part**. Plaintiffs and Plaintiffs' counsel are hereby ordered to pay the reasonable expenses, including attorney's fees, incurred by Defendant Hewatt is bringing the Motion for Sanctions.

3. **On or before March 13, 2017**, counsel shall confer in a good faith effort to resolve the amount of reasonable costs and attorney's fees. If the parties are unable to agree on the amount of reasonable costs and attorney's fees to be paid, then **on or before**

**March 20, 2017**, Defendant Hewatt may file a motion, supported by appropriate evidence, seeking reasonable costs and attorney's fees.

**DONE** and **ORDERED** in Orlando, Florida on February 27, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record